IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD P.,<br><br>             Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. 2:25-cv-00205-CMR<br><br>**MEMORANDUM DECISION AND ORDER AFFIRMING ALJ DECISION**<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 6). 28 U.S.C. § 636(c). Plaintiff Richard P. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the record (Certified Administrative Record (Tr.), ECF 11), the parties' briefs (ECF 12, 16, 17), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 12) and AFFIRMS the decision of the Commissioner.

## I.    BACKGROUND

Plaintiff was 43 years old on his disability onset date of July 19, 2021 (Tr. 69).  Plaintiff filed an application for DIB on March 30, 2022, alleging disability due to non-Hodgkin's lymphoma, high blood pressure, and tinnitus (*id.*). The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). In a

decision dated January 4, 2024, the ALJ determined Plaintiff's non-Hodgkin's lymphoma was a severe impairment (Tr. 19). The ALJ found at step two that Plaintiff's essential hypertension, tinnitus, obesity, and depressive/bipolar related disorders were non-severe impairments (*id.* at 20). The ALJ also considered Plaintiff's mental impairments finding no limitations in understanding, remembering, or applying information and in adapting or managing or managing oneself; and mild limitations in interacting with others and concentrating, persisting, or maintaining pace (*id.*). At step three, the ALJ considered Plaintiff's lymphoma and obesity under the relevant listings, finding the criteria not met (*id.* at 21).

The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations (*id.*). *See* 20 C.F.R. § 404.1545(a)(1) ("Your [RFC] is the most you can still do despite your limitations."). The ALJ found at step four that, given this RFC, he was unable to perform past relevant work as a tractor trailer driver and material handler (*id.* at 24). Consistent with vocational expert testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy (*id.* at 25). The ALJ therefore concluded that he was not disabled and denied disability benefits (*id.* at 26). The ALJ decision became the Commissioner's final decision when the agency's Appeals Council denied her request for review. *See* 20 C.F.R. § 404.981. The court has jurisdiction under 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 103, 108. Substantial evidence is "more than a mere scintilla"

and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III.   DISCUSSION

Plaintiff argues that the ALJ should have found him disabled for a limited period (a "closed period of disability") from August 2021 through April 2023—before he reported feeling well after his treatment for non-Hodgkin's lymphoma (ECF 12, Plaintiff's Brief (Pl. Br.), at 12–14). In response, the Commissioner argues Plaintiff never requested a closed period of disability, and the ALJ's RFC finding is supported by substantial evidence throughout the relevant period (ECF 16, Defendant's Brief (Def. Br.), at 4–8).

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Here, the ALJ found that Plaintiff was not disabled under the Act for any continuous 12-month period between July 2021 and January 2024, the date of the ALJ's decision (Tr. 26). For the reasons explained below, substantial evidence supports the ALJ's RFC determination that while Plaintiff's impairments limited him to light work with several

additional limitations, the overall evidence did not support a finding of disability at any point during the relevant period (Tr. 17–26).

As an initial matter, there is no evidence that Plaintiff requested a closed period of disability before the ALJ. Plaintiff instead asked the ALJ to find that he was disabled during the entire period between his alleged onset date in July 2021 and the date of the ALJ decision in January 2024 (*see* Tr. 32–67 (administrative hearing), 305–06 (Plaintiff's post-hearing brief)). As noted by Defendant, courts have held that the ALJ is not obligated to consider a closed period of disability when the issue was not presented to the ALJ (Def. Br. at 5 n.1). *See, e.g.*, *Chance M. S. v. O'Malley*, No. 23-CV-2087, 2024 WL 2051835, at *8 (D. Kan. May 8, 2024).[1] Plaintiff does not dispute that he did not request a closed period of disability and instead attempts to distinguish these cases (ECF 17, Plaintiff's Reply (Pl. Rep.), at 2–4). The court agrees that Plaintiff's failure to raise this issue is concerning as he was represented by an attorney at the administrative hearing (Tr. 32–67). *See Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) ("[I]n cases such as this one where the claimant was represented by counsel at the hearing before the ALJ, 'the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored[.]'" (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997))). Regardless, even if Plaintiff had requested a closed period of disability, substantial evidence supports the ALJ's RFC findings.

Plaintiff argues that because he had increased symptoms during his treatment, he must have been disabled during that period (Pl. Br. at 12–13). Specifically, Plaintiff points to his reports of

---

[1] *See also Hays v. Kijakazi*, No. 21-CV-488, 2022 WL 3582507, at *5 (W.D. Okla. Aug. 19, 2022) (collecting cases); *Lykins v. Colvin*, No. 14-CV-248, 2015 WL 12915595, at *5 (N.D. Okla. July 13, 2015) (rejecting a claimant's argument that the ALJ should have considered a closed period of disability where the claimant did not request that the ALJ consider a closed period of disability and the ALJ's conclusion that the claimant was not disabled was supported by substantial evidence).

joint pain and fatigue (*id.* at 12). However, the ALJ's RFC determination reflects that the ALJ considered Plaintiff's chemotherapy, hospital stay for reconstructive surgery on his jaw, ongoing complaints of fatigue and joint pain, along with normal examination findings such as intact range of motion, full strength, and no tenderness or swelling, citing record evidence (Tr. 23). Plaintiff's argument is thus essentially that the same evidence considered by the ALJ should have led him to different conclusions, which asks this court to improperly reweigh the evidence. *See Alarid v. Colvin*, 590 F. App'x 789, 795 (10th Cir. 2014) ("In citing what he contends is contrary evidence, [the claimant] is asking us to reweigh the evidence, which we cannot do."). The only issue is whether a reasonable factfinder could conclude as the ALJ did with this record, not whether different findings could also be reasonable. *See Lax*, 489 F.3d at 1084. While Plaintiff may wish that the ALJ had weighed the evidence differently or come to a different conclusion, substantial evidence supports the ALJ's evaluation of the evidence even if it would not be Plaintiff's or even the court's interpretation of the evidence. *See id.*

## IV.    CONCLUSION AND ORDER

In summary, the ALJ adequately considered the overall record, which did not mandate a finding of disability for the entire relevant period or for any closed period therein. Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 14 March 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

5